**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SHREWSBURY COAL COMPANY,
Petitioner,

v.

ALVA C. KEFFER; DIRECTOR,

No. 99-1017

OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
Respondents.

On Petition for Review of an Order
of the Benefits Review Board.
(98-274-BLA)

Argued: December 3, 1999

Decided: March 21, 2000

Before WIDENER and MURNAGHAN, Circuit Judges,
and Cynthia H. HALL, Senior Circuit Judge of the
United States Court of Appeals for the Ninth Circuit,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** William Steele Mattingly, JACKSON & KELLY,
P.L.L.C., Morgantown, West Virginia, for Petitioner. Otis Ray Mann,
Jr., CLIFFORD, MANN & SWISHER, P.L.L.C., Charleston, West
Virginia, for Respondents.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Shrewsbury Coal Co. ("Shrewsbury") appeals the U.S. Dept. of Labor Benefits Review Board ("LBRB") order affirming the grant of benefits by the Administrative Law Judge ("ALJ") to Alva Keffer ("Keffer"). Keffer had applied for benefits claiming total disability from lung disease as a result of his coal mining employment. We have jurisdiction over final orders of the LBRB pursuant to 33 U.S.C. § 921(c), and we affirm.

The facts are known to the parties and we need not recite them here. In short, Shrewsbury argues that both the ALJ and the LBRB incorrectly gave weight to expert medical testimony that diagnosed Keffer with pneumoconiosis while ignoring, or according less weight, to medical testimony that failed to reach such a diagnosis. Thus, concludes Shrewsbury, Keffer should not be entitled to benefits under the Black Lung statute. See 30 U.S.C. § 901(a).

The ALJ's decision must be affirmed if it is rational, supported by substantial evidence and in accordance with the applicable law. See Dehue Coal Co. v. Ballard, 65 F.3d 1189, 1193 (4th Cir. 1995); see also 33 U.S.C. § 921(b)(3). To establish entitlement to black lung benefits, a claimant must prove by a preponderance of the evidence that he has pneumoconiosis, that such pneumoconiosis arose out of working in coal mines and that such pneumoconiosis is totally disabling. See 30 U.S.C. § 901(a); 20 C.F.R. §§ 718.3, 718.202, 718.203, 718.204.

In those cases where the claimant is submitting a second claim after being denied a first time, the claimant, in addition to meeting the above stated criteria, must establish that there has been a material change in conditions since the denial of his last claim. See 20 C.F.R. § 725.309(d). To find such a change in condition, the ALJ must look

2

at all the evidence before him and see whether the claimant is able to prove a single element that was previously adjudicated against him. See Lisa Lee Mines v. Director, OWCP, 86 F.3d 1358, 1362 (4th Cir. 1996).

Keffer's first claim was denied because he failed to establish pneumoconiosis. Therefore, if Keffer manages to show that he suffers from that respiratory ailment, he will have shown a change of condition sufficient to parry the effect of the denial of his first claim. According to regulations, Keffer has two available methods of so doing: (1) chest x-rays; and (2) the reasoned medical opinion of a physician. See 20 C.F.R. §§ 718.202(a)(1) & (4). Either of these methods, if met, suffices to show the existence of pneumoconiosis. See Hobbs v. Clinchfield Coal Co., 45 F.3d 819, 821 (4th Cir. 1995).

The ALJ based his opinion that Keffer suffered from pneumoconiosis on the reports and diagnoses submitted by various physicians because the chest x-rays produced inconclusive results. The ALJ noted that four doctors (Zaldivar, Crisalli, Jarboe, and Castle) had concluded that Keffer was not suffering from pneumoconiosis while two (Gaziano and Rasmussen) had reached the opposite conclusion. In methodic detail, the ALJ then went on to explain why he found the opinions of the latter two doctors more credible than those of the former four and offered cogent reasons for his decision.

Shrewsbury raises three arguments in its appeal challenging the ALJ's order: (1) the ALJ erred in crediting medical testimony that found pneumoconiosis based on Keffer's x-ray results; (2) the ALJ erred in mechanically according less weight to the opinion of the consulting physicians (Jarboe and Castle); and (3) the ALJ's analysis of the medical evidence was arbitrarily selective.

All of Shrewsbury's arguments fail. Its contention that the ALJ could not rely on Drs. Gaziano and Rasmussen's diagnoses because these were premised on the inconclusive x-ray results is not borne out by the ALJ's opinion. The ALJ specifically noted that his reason for crediting these two physicians' diagnoses was their "well-reasoned" character, which is an independent method of asserting a finding of pneumoconiosis. See 20 C.F.R. § 718.202(a)(4). In so doing, the ALJ did not reach his conclusion in isolation without consulting the x-rays,

3

as argued by Shrewsbury, but merely reconciled the fact that the x-rays were not particularly instructive in this matter.

Equally unconvincing is Shrewsbury's assertion that the ALJ "mechanically" accorded less weight to the opinions of Drs. Jarboe and Castle because they did not personally examine Keffer. There was nothing "mechanical" about the ALJ's discussion of the reports submitted by Drs. Jarboe and Castle. In rejecting both of them, the ALJ noted that they had not personally examined Keffer, but went on to offer independent reasons for why their reports were not well-reasoned.

Shrewsbury's last argument, that the ALJ's analysis was arbitrarily selective, was already raised before the LBRB and rejected as having no merit. The LBRB noted that the ALJ had done a very thorough job in combing through all the reports. All of the ALJ's decisions were well within his discretion and demonstrated no taint of arbitrariness.

In sum, the ALJ's factual determinations are supported by substantial evidence. Drs. Gaziano and Rasmussen's reports are well-reasoned, logical and support a diagnosis of disabling pneumoconiosis. They establish the causal link between the disease and Keffer's employment. The LBRB order affirming the grant of benefits by the ALJ is

AFFIRMED.

4